[609 NYS2d 910]

In the Matter of NELSON GUZMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 21, 1994

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Roger Bennet Adler,* New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with seven allegations of professional misconduct. Charge Four was withdrawn by the petitioner prior to the hearing. The Special Referee sustained Charges One, Three, Five, Six and Seven. The Grievance Committee moves to confirm the report of the Special Referee. The respondent submits an affirmation in opposition to the motion to confirm.

Charge One alleged that the respondent failed to properly maintain escrow funds entrusted to him. In or about 1981, the respondent was retained by I.H.C. Corporation (hereinafter I.H.C.), a building developer, in connection with "The Morrisania Project," a Federally funded housing project, located in The Bronx. I.H.C. was responsible for the construction of approximately 75 townhouses valued at $4,100,000. The respondent, acting as escrow agent, was entrusted with down payments from various purchasers. The respondent deposited those payments into his Chemical Bank escrow account. On or about June 1, 1983, the respondent drew a check upon his Chemical Bank escrow account in the amount of $141,000, payable to the order of I.H.C., representing the proceeds of the down payments received by the respondent. These funds were released without the authorization of the purchasers. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1), (4) and (8) (22 NYCRR 1200.3 [a] [1], [4], [8]) and DR 7-102 (A) (3), (7) and (8) (22 NYCRR 1200.33 [a] [3], [7], [8]).

Charge Three alleged that the respondent neglected a legal matter entrusted to him. In or about May 1985 the respondent was retained by a client to recover $30,000 in surplus funds due her from a foreclosure sale of her home. The respondent failed to respond to her repeated inquiries regarding the status of her case. It was not until April 1990, five years after being retained, that the respondent obtained the moneys due from the State of New York. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1) and (8) (22 NYCRR 1200.3 [a] [1], [8]) and DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Five alleged that the respondent failed to produce financial records required to be maintained by an attorney.

The respondent was asked by the Grievance Committee to produce financial records evidencing his handling of escrow funds entrusted to him. These records are required to be maintained by an attorney pursuant to the Rules of the Appellate Division, Second Judicial Department. The respondent failed to produce complete records. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 9-102 (C) (3) (22 NYCRR 1200.46 [c] [3]) and 22 NYCRR 691.12.

Charge Six alleged that the respondent improperly issued the following checks drawn upon his escrow account, causing those checks to be dishonored due to insufficient funds: #116 —$3,000; #129—$2,700. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1), (4) and (8) (22 NYCRR 1200.3 [a] [1], [4], [8]), DR 9-102 (22 NYCRR 1200.46) and 22 NYCRR 691.12.

Charge Seven alleged that the respondent has failed to maintain his registration as an attorney with the Office of Court Administration, as required by Judiciary Law § 468-a and 22 NYCRR 118.1. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), Judiciary Law § 468-a and 22 NYCRR 118.1.

After reviewing all of the evidence adduced, we conclude that the Special Referee properly found that Charges One, Three, Five, Six and Seven were sustained by a preponderance of the evidence. The respondent is guilty of professional misconduct as alleged in those charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the character witnesses presented on behalf of the respondent, the absence of actual financial loss to any of the individuals to whom the respondent was responsible, and the fact that there were no allegations of conversion. The respondent is, nevertheless, guilty of serious professional misconduct and is suspended from the practice of law for a period of three years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Nelson Guzman, is suspended

from the practice of law for a period of three years, effective immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys *(see,* 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Nelson Guzman, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.